## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.**

STAGG CILEUS,

**Plaintiff,**

v.                                                          **COMPLAINT**

TRANS UNION, LLC, EQUIFAX INFORMATION
SERVCES, LLC,  EXPERIAN INFORMATION
SOLUTIONS, INC., FAIR COLLECTIONS
AND OUTSOURCING, INC., NATIONAL CREDIT
SYSTEMS, INC., RENT RECOVERY SOLUTIONS, LLC
NATIONAL CREDIT AUDIT CORPORATION,
and COLUMBIA DEBT RECOVERY, LLC dba
GENESIS CREDIT MANAGEMENT

**DEMAND FOR JURY TRIAL**

**Defendants.**
_____/

## **COMPLAINT**

1.      Plaintiff Stagg Cileus ("Plaintiff") sues Defendant Trans Union, LLC, Equifax

Information Services, LLC, Experian Information Solutions, Inc., Fair Collections And

Outsourcing, Inc., National Credit Systems, Inc., Rent Recovery Solutions, LLC., National Credit

Audit Corporation, and Columbia Debt Recovery, LLC also doing business as Genesis Credit

Management, (collectively, the "Defendants") pursuant to the Fair Credit Reporting Act, 15 USC

§1681 *et seq.* ("FCRA").

1

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3.      Venue in this District is proper because Plaintiff resides in Broward County, Florida, Defendants transact business here, and the complained conduct of Defendants occurred here.

**DEMAND FOR JURY TRIAL**

4.       Plaintiff respectfully, demands a trial by jury on all counts and issues so triable.

**PARTIES**

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Boynton Beach, Broward County, Florida.

6.      Defendant Experian Information Solutions, Inc. ("Defendant Experian" or "Experian") is an Ohio corporation whose registered agent in Florida is CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324. Defendant Experian is a consumer reporting agency (CRA) as defined by FCRA, 15 USC §1681a(f).

7.      Defendant TransUnion, LLC ("Defendant TransUnion" or "TransUnion") is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.  Defendant TransUnion, LLC is a consumer reporting agency (CRA) as defined by FCRA, 15 USC §1681a(f).

8.      Defendant Equifax Information Services, LLC ("Defendant Equifax" or "Equifax") is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525. Defendant Equifax Information Services, LLC is a consumer reporting agency (CRA) as defined by FCRA, 15 USC §1681a(f).

9.      Defendant Fair Collections and Outsourcing, Inc., ("Defendant FCO" or "FCO") is a Maryland Corporation with its principal place of business located at 14400 Sweitzer Lane, Suite 235, Laurel, MD 20707, whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.  Defendant Creditor is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

10.     Defendant National Credit Systems, Inc., ("Defendant National Credit Systems" or "National Credit Systems") is a Georgia Corporation with its principal place of business located at 1775 The Exchange SE, Suite 300, Atlanta, Georgia30339, whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.  Defendant Creditor is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

11.     Defendant Rent Recovery Solutions, LLC ("Defendant Rent Recovery" or "Rent Recovery") is a Georgia Delaware Limited Liability Company with its principal place of business located at 1945 The Exchange SE, Suite 120, Atlanta, Georgia 30339, whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525. Defendant Creditor is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

12.     Defendant National Credit Audit Corporation ("Defendant National Credit Audit" or "National Credit") is a Georgia Corporation with its principal place of business located at 1 Concourse Parkway, NE, Suite 200, Atlanta, Georgia 30328, whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.  Defendant

Creditor is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

13.     Defendant Columbia Debt Recovery, LLC ("Defendant Columbia Debt Recovery" or "Columbia Debt Recovery") is a Washington Corporation with its principal place of business located at 906 SE Everett Mall Way, Ste 301, Everett, WA 98208, whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525. Defendant Creditor is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL BACKGROUND

14.     This action involves derogatory and erroneous reporting of credit accounts furnished by Defendant Trans Union, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., Fair Collections And Outsourcing, Inc., National Credit Systems, Inc., Rent Recovery Solutions, LLC., National Credit Audit Corporation, and Columbia Debt Recovery, LLC also doing business as Genesis Credit Management, (collectively, the "Defendants"), which are being reported to Plaintiff's credit profile with TransUnion, Equifax, and Experian (the "CRAs")

15.     In or about late May, early June 2023, Plaintiff was alerted to several negative items reported on his consumer credit reports, related to residential apartment accounts that were not his, and not owned, or authorized by him. On or about June 14, 2023, Plaintiff filed a Federal Trade Commission (FTC) Identity Theft Report, reporting that fraudulent real estate transactions were made in his name. Specifically, he stated that apartment leases/loans were opened for certain properties in or near Philadelphia, PA. At the time he reported a Real Estate Loan with The Dane

with account number D4568** in the amount of $19.971, <u>Rosemore Garden</u>, with account number 45119**, <u>Residence at the Promenade</u>, with account number, 44970** in the amount of $13,007, <u>The Yard at Pencoyd</u>, with account number 45445** in the amount of $12,852. He also reported credit inquiries in the name of "Cileus Stagg" although his name is Stagg Cileus, in an attempt to open accounts with "CB/BLL SOUT, ALHENDRICK, COMENITY BANKBEALLSOL. [1]

16.     Between June and December 2023, Plaintiff submitted disputes to Experian, TransUnion, and Equifax stating that certain Accounts were not his,  that he did not open the Accounts, was a victim of identity theft, and requested fraud alerts on his consumer credit reports.

17.     Plaintiff also began to contact the Defendant debt collectors in order to dispute the debts,   and gain information about the collection accounts, by requesting verification, and information about the circumstances surrounding the approval of multiple residential leases in his name. In several instances, Plaintiff was unable to get details about the accounts, because he could not pass the verification process without knowing the actual account address or personal information that was used by the fraudsters who opened the accounts.

**18.**     Upon information and belief, the accounts were opened using a fraudulent identification bearing a photo of the identity thief, who appears to have diverted new account information for the fraudulent rental accounts away from Plaintiff's current address.

19.     The fraudulent collection accounts are still reporting on Plaintiff's credit report with Experian, Equifax, and TransUnion. Even though Plaintiff submitted written and verbal disputes with the CRAs, and provided supporting documentation that the accounts were not his, the CRAs continue to verify the fraudulent accounts as accurate.

---

[1]In or about June 25, 2017, Plaintiff realized that he lost his wallet while on a lunch break at his job at  Publix. He reviewed security footage and observed that he put his wallet back in his pocket after paying for his lunch, but never recovered his wallet after learning that it was missing. Plaintiff filed an Offense-Incident Report with Lighthouse Point Police Department in Pompano Beach, Florida. Plaintiff contacted his financial institutions and alerted them that he lost his wallet which included a TD Bank Debit Card, Wells Fargo debit card, a $20 bill in US Currency, and the black wallet.

## ALLEGATIONS INVOLVING TRANSUNION

20.     Plaintiff incorporates the above paragraphs 1-19 by reference of this Complaint.

21.     TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."  TransUnion regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

22.     TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

23.     Fair Collections and Outsourcing, Inc ("FCO"): On or about June 2023 Plaintiff submitted online disputes regarding a collection account held by FCO related to an underlying debt for residential apartment leases with 09 Rosemore Gardens with a reported balance of $8,007 and 09 Residences at Promenade with a reported balance of $12,194 that he did not open, use, or authorize the account opening, by using his personal information, or otherwise. **Experian appears to have finally removed the erroneous reporting in February 2024, but Trans Union continued to report the FCO accounts.**

24.     National Credit Systems: On or about June 2023 Plaintiff submitted online disputes regarding a collection account held National Credit Systems, related to an underlying debt for a residential apartment lease with  09 One Water Street Apartments with a reported balance of $12,538 that he did not open, use, or authorize the account opening, by using his personal information.

25.     Rent Recovery Solutions: On or about June 2023 Plaintiff submitted online disputes regarding a collection account held by Rent Recovery Solutions, related to an underlying debt for a residential apartment lease with 09 The View At Old City Priderock with a reported balance of $26,559 that he did not open, use, or authorize the account opening, by using his personal information.

26.     <u>National Credit Audit Co</u>: On or about June 2023 Plaintiff submitted online disputes regarding a collection account held National Credit Audit Co., related to an underlying debt for a residential apartment lease with 09 The Dane with a reported balance of $19,971 that he did not open, use, or authorize the account opening, by using his personal information.

27.     <u>Genesis Credit Management</u>: On or about June 2023 Plaintiff submitted online disputes regarding a collection account held by Genesis Credit Management, related to an underlying debt for a residential apartment lease with 09 Valleybrook At Chadds Ford with a reported balance $17,625 that he did not open, use, or authorize the account opening, by using his personal information. (The underlying account appeared to be simultaneously collected by Columbia Debt Recovery on Experian, and Genesis Credit Management on TransUnion and Equifax).

28.     Despite receiving Plaintiff's disputes and the fact that Plaintiff does not owe the amounts reported by TransUnion continues to report Plaintiff's accounts inaccurately.

29.     Continuing to report the status of Plaintiff's accounts in this fashion is significant. By continuing to report the status of Plaintiff's accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

30.     Credit scoring algorithms take the status of Plaintiff's accounts into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

31.     As of the filing of this Complaint, TransUnion, nor anyone on TransUnion's behalf, has contacted Plaintiff to further investigate the Dispute.

32.     TransUnion failed to conduct a reasonable investigation.

33.     TransUnion failed to review and consider all relevant information submitted by Plaintiff.

34.     TransUnion failed to conduct an independent investigation and, instead, deferred to the Creditor despite the evidence and/or information Plaintiff provided to it (TransUnion).

35.     TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, TransUnion failed to correct the information.

36.     TransUnion's reporting of inaccurate information is the subject of the dispute, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

37.     TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's dispute and, instead, chose to parrot the information it (TransUnion) received from the Creditor despite being in possession of evidence that the information was inaccurate.

**38.**     Without any explanation or reason, TransUnion continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

**39.**     Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant TransUnion)

40.     Plaintiff incorporates the foregoing paragraphs 1-39   by reference of this Complaint.

41.     On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

8

42.     TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's dispute of the information contained in Plaintiff's TransUnion credit report.

43.     TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

44.     TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

45.     The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

46.     Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

47.     The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

48.     As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

49.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant TransUnion)

50.     Plaintiff incorporates the forgoing paragraphs 1-49 by reference of this Complaint.

51.     On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

52.     On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

53.     On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

54.     Additionally, TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

55.     TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

56.     The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

57.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

58.     As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

59.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## ALLEGATIONS INVOLVING EXPERIAN

60.     Plaintiff incorporates the forgoing paragraphs 1-19 by reference of this Complaint.

61.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

62.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

63.     Fair Collections and Out: On or about August 2023 Plaintiff submitted online disputes regarding a collection account held by Fair Collections and Out, related to an underlying debt for a residential apartment lease with 09 Rosemore Gardens with a reported balance of $8,007. that he did not open, use, or authorize the account opening, by using his personal information. **Experian appears to have removed the reporting of the Fair Collections and Out account as of February 2024.**

64. <u>National Credit Systems</u>: On or about August 2023 Plaintiff submitted online disputes regarding a collection account held National Credit Systems, related to an underlying debt for a residential apartment lease with 09 One Water Street Apartments with a reported balance of $12,538 that he did not open, use, or authorize the account opening, by using his personal information.

65. <u>Rent Recovery Solutions</u>: On or about August 2023 Plaintiff submitted online disputes regarding a collection account held by Rent Recovery Solutions, related to an underlying debt for a residential apartment lease with 09 The View At Old City Priderock with a reported balance of $26,559 that he did not open, use, or authorize the account opening, by using his personal information.

66. <u>Columbia Debt Recovery</u>: On or about August 2023, Plaintiff submitted online disputes regarding a collection account held by Columbia Debt Recovery, related to an underlying debt for a residential apartment lease with Valleybrook at Chadds Ford with a reported balance of $17,873 that he did not open, use, or authorize the account opening, by using his personal information.

67. Despite receiving Plaintiff's disputes and the fact that Plaintiff does not owe the amounts reported by Defendant continues to report Plaintiff's accounts inaccurately.

68. Continuing to report the status of Plaintiff's accounts in this fashion is significant. By continuing to report the status of Plaintiff's accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

69. Credit scoring algorithms take the status of Plaintiff's accounts into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

70.     As of the filing of this Complaint, Experian, nor anyone on Experian's behalf, has contacted Plaintiff to further investigate the Dispute.

71.     Experian failed to conduct a reasonable investigation.

72.     Experian failed to review and consider all relevant information submitted by Plaintiff.

73.     Experian failed to conduct an independent investigation and, instead, deferred to the Creditor despite the evidence and/or information Plaintiff provided to it (Experian).

74.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

75.     Experian's reporting of inaccurate information is the subject of the dispute, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

76.     Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, chose to parrot the information it (Experian) received from the Creditor despite being in possession of evidence that the information was inaccurate.

77.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

78.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

79.     Plaintiff incorporates the forgoing paragraphs 1-19 and 60-78 by reference of this Complaint.

80.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

81.     Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's dispute of the information contained in Plaintiff's Experian credit report.

82.     Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

83.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

84.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

85.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

86.     The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

87.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

88.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages  pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);  [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

89.     Plaintiff incorporates the forgoing paragraphs 1-19 and 60-88 by reference of this Complaint.

90.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

91.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

92.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

93.     Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

94.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to

delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the  consumer.

95.     The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

96.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

97.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

98.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C.  § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## ALLEGATIONS INVOLVING EQUIFAX

99.     Plaintiff incorporates the forgoing paragraphs 1-19 and 60-98 by reference of this Complaint.

100.    EQUIFAX is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."  EQUIFAX regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

101.    EQUIFAX is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

102.    Rent Recovery Solutions: On or about August 2023 Plaintiff submitted online disputes regarding a collection account held by Rent Recovery Solutions, related to an underlying

debt for a residential apartment lease with 09 The View At Old City Priderock with a reported balance of $26,559 that he did not open, use, or authorize the account opening, by using his personal information.

103.    <u>National Credit Audit Co</u>: On or about June 2023 Plaintiff submitted online disputes regarding a collection account held National Credit Audit Co., related to an underlying debt for a residential apartment lease with 09 The Dane with a reported balance of $19,971 that he did not open, use, or authorize the account opening, by using his personal information.

104.    <u>Genesis Credit Management</u>: On or about June 2023 Plaintiff submitted online disputes regarding a collection account held by Genesis Credit Management, related to an underlying debt for a residential apartment lease with 09 Valleybrook At Chadds Ford with a reported balance of $17,625 that he did not open, use, or authorize the account opening, by using his personal information. (The underlying account appeared to be simultaneously collected by Columbia Debt Recovery on Experian, and Genesis Credit Management on TransUnion and Equifax).

105.    Despite receiving Plaintiff's disputes and the fact that Plaintiff does not owe the amounts reported by Defendant continues to report Plaintiff's accounts inaccurately.

106.    Continuing to report the status of Plaintiff's accounts in this fashion is significant. By continuing to report the status of Plaintiff's accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

107.    Credit scoring algorithms take the status of Plaintiff's accounts into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

108.    As of the filing of this Complaint, EQUIFAX, nor anyone on EQUIFAX's behalf, has contacted Plaintiff to further investigate the Dispute.

109.    EQUIFAX failed to conduct a reasonable investigation.

110.    EQUIFAX failed to review and consider all relevant information submitted by Plaintiff.

111.    EQUIFAX failed to conduct an independent investigation and, instead, deferred to the Creditor despite the evidence and/or information Plaintiff provided to it (EQUIFAX).

112.    EQUIFAX possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, EQUIFAX failed to correct the information.

113.    EQUIFAX's reporting of inaccurate information is the subject of the dispute, despite evidence that said information is inaccurate, evidence EQUIFAX's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

114.    EQUIFAX did not conduct any independent investigation after it (EQUIFAX) received Plaintiff's dispute and, instead, chose to parrot the information it (EQUIFAX) received from the Creditor despite being in possession of evidence that the information was inaccurate.

**115.**    Without any explanation or reason, EQUIFAX continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

**116.**    Plaintiff has suffered damages as a result of the incorrect reporting and EQUIFAX's failure to correct the credit report pertaining to Plaintiff

### COUNT 5
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant EQUIFAX)

117.    Plaintiff incorporates the forgoing paragraphs 1-19 and 99-116 by reference of this Complaint.

118.    On at least one occasion within the past year, by example only and without limitation, EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

119.   EQUIFAX failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's dispute of the information contained in Plaintiff's EQUIFAX credit report.

120.   EQUIFAX's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

121.   EQUIFAX has willfully and recklessly failed to comply with the FCRA. The failures of EQUIFAX to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which EQUIFAX had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised EQUIFAX to delete; and [h] the failure to take adequate steps to verify information EQUIFAX had reason to believe was inaccurate before including it in the credit report of the consumer.

122.   The conduct, action and inaction of EQUIFAX was willful, thereby rendering EQUIFAX liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

123.    Plaintiff is entitled to recover reasonable costs and attorney's fees from EQUIFAX in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

124.    The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to EQUIFAX, was the direct and proximate result of EQUIFAX's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

125.    As a result of the conduct, action, and inaction, of EQUIFAX, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

126.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant EQUIFAX, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 6**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant EQUIFAX)

127.    Plaintiff incorporates the forgoing paragraphs 1-19 and 99-126 by reference of this Complaint.

128.    On at least one occasion within the past year, by example only and without limitation, EQUIFAX violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

129.    On at least one occasion within the past year, by example only and without limitation, EQUIFAX violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

130.    On at least one occasion within the past year, by example only and without limitation, EQUIFAX violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

131.    Additionally, EQUIFAX negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

132.    EQUIFAX has negligently failed to comply with the FCRA. The failures of EQUIFAX to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which EQUIFAX had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised EQUIFAX to delete; and [h] the failure to take adequate steps to verify information EQUIFAX had reason to believe was inaccurate before including it in the credit report of the consumer.

133.     The conduct, action, and inaction, of EQUIFAX was negligent, thereby rendering EQUIFAX liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

134.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from EQUIFAX in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

135.     As a result of the conduct, action and inaction of EQUIFAX, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

136.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant EQUIFAX, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 7
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Fair Collections and Out – "FCO")

137.      Plaintiff incorporates the forgoing paragraphs 1-136 by reference of this Complaint.

138.     Defendant FCO is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

139.     On a date better known by the Defendant FCO, the CRA promptly and properly gave notice to Defendant Creditor of Plaintiff's Dispute in accordance with the FCRA.

140.      In response to the notice received from the CRA regarding Plaintiff's Dispute, Defendant FCO did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Dispute.

141.     In response to receiving notice from the CRA regarding Plaintiff's Dispute, Defendant FCO failed to correct and/or delete information they knew to be inaccurate and/or which Defendant FCO could not otherwise verify.

**142.**     Instead of conducting a reasonable investigation, Defendant FCO erroneously validated the Account and reported and continues to report inaccurate information about Plaintiff to the CRAs.

143.     On at least one occasion within the past year, by example only and without limitation, Defendant FCO violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

144.     On at least one occasion within the past year, by example only and without limitation, Defendant FCO violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

145.     On at least one occasion within the past year, by example only and without limitation, Defendant FCO violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

146.     Upon information and belief, Defendant FCO was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

147.     When Defendant FCO received notice of Plaintiff's dispute from Experian, Defendant FCO could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

148.     Defendant FCO would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant FCO had reviewed its own systems and previous communications with the Plaintiff.

149.     Defendant FCO's investigation was per se deficient by reason of these failures on Defendant FCO's investigation of Plaintiff's disputes.

150.     As a direct and proximate result of Defendant FCO's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

151.     Defendant FCO's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

152.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant FCO, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Fair Credit and Outsourcing, Inc ("FCO"))

153.     Plaintiff incorporates the forgoing paragraphs 1-152 by reference of this Complaint.

154.     On at least one occasion within the past year, by example only and without limitation, Defendant Fair Credit and Outsourcing, Inc ("FCO") violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

155.    On one or more occasions within the past year, by example only and without limitation, Defendant FCO violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

156.    On one or more occasions within the past year, by example only and without limitation, Defendant FCO violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

157.    When Defendant FCO received notice of Plaintiff's dispute from Experian, Defendant FCO could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

158.    Defendant FCO would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant FCO had reviewed its own systems and previous communications with the Plaintiff.

159.    Defendant FCO's investigation was per se deficient by reason of these failures on Defendant FCO's investigation of Plaintiff's dispute.

160.    As a direct and proximate result of Defendant FCO's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

161.     Defendant FCO's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

162.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant FCO, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 9
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant "NATIONAL CREDIT SYSTEMS")

163.      Plaintiff incorporates the forgoing paragraphs 1-136 by reference of this Complaint.

164.     Defendant NATIONAL CREDIT SYSTEMS is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

165.     On a date better known by the Defendant NATIONAL CREDIT SYSTEMS, the CRA promptly and properly gave notice to Defendant Creditor of Plaintiff's Dispute in accordance with the FCRA.

166.     In response to the notice received from the CRA regarding Plaintiff's Dispute, Defendant NATIONAL CREDIT SYSTEMS did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Dispute.

167.     In response to receiving notice from the CRA regarding Plaintiff's Dispute, Defendant NATIONAL CREDIT SYSTEMS failed to correct and/or delete information they knew to be inaccurate and/or which Defendant NATIONAL CREDIT SYSTEMS could not otherwise verify.

**168.**     Instead of conducting a reasonable investigation, Defendant NATIONAL CREDIT SYSTEMS erroneously validated the Account and reported and continues to report inaccurate information about Plaintiff to the CRAs.

169.     On at least one occasion within the past year, by example only and without limitation, Defendant NATIONAL CREDIT SYSTEMS violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

170.     On at least one occasion within the past year, by example only and without limitation, Defendant NATIONAL CREDIT SYSTEMS violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

171.     On at least one occasion within the past year, by example only and without limitation, Defendant NATIONAL CREDIT SYSTEMS violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

172.     Upon information and belief, Defendant NATIONAL CREDIT SYSTEMS was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

173.     When Defendant NATIONAL CREDIT SYSTEMS received notice of Plaintiff's dispute from Experian, Defendant NATIONAL CREDIT SYSTEMS could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

174.     Defendant NATIONAL CREDIT SYSTEMS would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant NATIONAL CREDIT SYSTEMS had reviewed its own systems and previous communications with the Plaintiff.

175.     Defendant NATIONAL CREDIT SYSTEMS's investigation was per se deficient by reason of these failures on Defendant NATIONAL CREDIT SYSTEMS's investigation of Plaintiff's disputes.

176.     As a direct and proximate result of Defendant NATIONAL CREDIT SYSTEMS's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the   errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and   other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss   of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

177.     Defendant NATIONAL CREDIT SYSTEMS's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

178.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant NATIONAL CREDIT SYSTEMS, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 10
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant National Credit Systems)

179.     Plaintiff incorporates the paragraphs 1-136 by reference of this Complaint.

180.     On at least one occasion within the past year, by example only and without limitation, Defendant NATIONAL CREDIT SYSTEMS violated 15 U.S.C. § 1681s-2(b)(1)(A) by

failing to conduct a reasonable investigation with respect to the disputed Information.

181.    On one or more occasions within the past year, by example only and without limitation, Defendant NATIONAL CREDIT SYSTEMS violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

182.    On one or more occasions within the past year, by example only and without limitation, Defendant NATIONAL CREDIT SYSTEMS violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

183.    When Defendant NATIONAL CREDIT SYSTEMS received notice of Plaintiff's dispute from Experian, Defendant NATIONAL CREDIT SYSTEMS could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

184.    Defendant NATIONAL CREDIT SYSTEMS would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant NATIONAL CREDIT SYSTEMS had reviewed its own systems and previous communications with the Plaintiff.

185.    Defendant NATIONAL CREDIT SYSTEMS's investigation was per se deficient by reason of these failures on Defendant NATIONAL CREDIT SYSTEMS's investigation of Plaintiff's dispute.

186.    As a direct and proximate result of Defendant NATIONAL CREDIT SYSTEMS's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the   errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as

headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

187.     Defendant NATIONAL CREDIT SYSTEMS's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

188.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant NATIONAL CREDIT SYSTEMS, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 11**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Rent Recovery Solutions)

189.      Plaintiff incorporates paragraphs 1-136 by reference of this Complaint.

190.     Defendant Rent Recovery Solutions Bank is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

191.     On a date better known by the Defendant Rent Recovery Solutions, the CRA promptly and properly gave notice to Defendant Creditor of Plaintiff's Dispute in accordance with the FCRA.

192.     In response to the notice received from the CRA regarding Plaintiff's Dispute, Defendant Rent Recovery Solutions did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Dispute.

193.    In response to receiving notice from the CRA regarding Plaintiff's Dispute, Defendant Rent Recovery Solutions failed to correct and/or delete information they knew to be inaccurate and/or which Defendant Rent Recovery Solutions could not otherwise verify.

**194.**    Instead of conducting a reasonable investigation, Defendant Rent Recovery Solutions erroneously validated the Account and reported and continues to report inaccurate information about Plaintiff to the CRAs.

195.    On at least one occasion within the past year, by example only and without limitation, Defendant Rent Recovery Solutions violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

196.    On at least one occasion within the past year, by example only and without limitation, Defendant Rent Recovery Solutions violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

197.    On at least one occasion within the past year, by example only and without limitation, Defendant Rent Recovery Solutions violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

198.    Upon information and belief, Defendant Rent Recovery Solutions was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

199.    When Defendant Rent Recovery Solutions received notice of Plaintiff's dispute from Experian, Defendant Rent Recovery Solutions could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

200.    Defendant Rent Recovery Solutions would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Rent Recovery Solutions had reviewed its own systems and previous communications with the Plaintiff.

201.    Defendant Rent Recovery Solutions' investigation was per se deficient by reason of these failures on Defendant Rent Recovery Solutions' investigation of Plaintiff's disputes.

202.    As a direct and proximate result of Defendant Rent Recovery Solutions' violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and   other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

203.    Defendant Rent Recovery Solutions' actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

204.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Rent Recovery Solutions, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 12
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Rent Recovery Solutions)

205.    Plaintiff incorporates the paragraphs 1-136 by reference of this Complaint.

206.    On at least one occasion within the past year, by example only and without limitation, Defendant Rent Recovery Solutions Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by

failing to conduct a reasonable investigation with respect to the disputed Information.

207.    On one or more occasions within the past year, by example only and without limitation, Defendant Rent Recovery Solutions violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

208.    On one or more occasions within the past year, by example only and without limitation, Defendant Rent Recovery Solutions violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

209.    When Defendant Rent Recovery Solutions received notice of Plaintiff's dispute from Experian, Defendant Rent Recovery Solutions could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

210.    Defendant Rent Recovery Solutions would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Rent Recovery Solutions had reviewed its own systems and previous communications with the Plaintiff.

211.    Defendant Rent Recovery Solutions' investigation was per se deficient by reason of these failures on Defendant Rent Recovery Solutions' investigation of Plaintiff's dispute.

212.    As a direct and proximate result of Defendant Rent Recovery Solutions' violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

213.     Defendant Rent Recovery Solutions' actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

214.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Rent Recovery Solutions, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 13
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant National Credit Audit Co)

215.      Plaintiff incorporates paragraphs 1-136 by reference by reference of this Complaint.

216.     Defendant National Credit Audit Co Bank is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

217.     On a date better known by the Defendant National Credit Audit Co, the CRA promptly and properly gave notice to Defendant Creditor of Plaintiff's Dispute in accordance with the FCRA.

218.     In response to the notice received from the CRA regarding Plaintiff's Dispute, Defendant National Credit Audit Co did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Dispute.

219.     In response to receiving notice from the CRA regarding Plaintiff's Dispute, Defendant National Credit Audit Co failed to correct and/or delete information they knew to be inaccurate and/or which Defendant National Credit Audit Co could not otherwise verify.

**220.**     Instead of conducting a reasonable investigation, Defendant National Credit Audit Co erroneously validated the Account and reported and continues to report inaccurate information about Plaintiff to the CRAs.

221.     On at least one occasion within the past year, by example only and without limitation, Defendant National Credit Audit Co violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

222.     On at least one occasion within the past year, by example only and without limitation, Defendant National Credit Audit Co violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

223.     On at least one occasion within the past year, by example only and without limitation, Defendant National Credit Audit Co violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

224.     Upon information and belief, Defendant National Credit Audit Co was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

225.     When Defendant National Credit Audit Co received notice of Plaintiff's dispute from Experian, Defendant National Credit Audit Co could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

226.     Defendant National Credit Audit Co would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant National Credit Audit Co had reviewed its own systems and previous communications with the Plaintiff.

227.    Defendant National Credit Audit Co's investigation was per se deficient by reason of these failures on Defendant National Credit Audit Co's investigation of Plaintiff's disputes.

228.    As a direct and proximate result of Defendant National Credit Audit Co's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix   Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and   other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

229.    Defendant National Credit Audit Co's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

230.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant National Credit Audit Co, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 14
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant National Credit Audit Co)

231.    Plaintiff incorporates paragraphs 1-136 by reference of this Complaint.

232.    On at least one occasion within the past year, by example only and without limitation, Defendant National Credit Audit Co Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

233.    On one or more occasions within the past year, by example only and without limitation, Defendant National Credit Audit Co violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

234.    On one or more occasions within the past year, by example only and without limitation, Defendant National Credit Audit Co violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

235.    When Defendant National Credit Audit Co received notice of Plaintiff's dispute from Experian, Defendant National Credit Audit Co could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

236.    Defendant National Credit Audit Co would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant National Credit Audit Co had reviewed its own systems and previous communications with the Plaintiff.

237.    Defendant National Credit Audit Co's investigation was per se deficient by reason of these failures on Defendant National Credit Audit Co's investigation of Plaintiff's dispute.

238.    As a direct and proximate result of Defendant National Credit Audit Co's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

239.     Defendant National Credit Audit Co's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

240.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant National Credit Audit Co, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 15**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Columbia Debt Recovery, LLC dba Genesis Credit Management)

241.      Plaintiff incorporates paragraphs 1-136 by reference of this Complaint.

242.     Defendant Columbia Debt Recovery, LLC dba Genesis Credit Management "Columbia" is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

243.     On a date better known by the Defendant Columbia, the CRA promptly and properly gave notice to Defendant Creditor of Plaintiff's Dispute in accordance with the FCRA.

244.     In response to the notice received from the CRA regarding Plaintiff's Dispute, Defendant Columbia did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Dispute.

245.     In response to receiving notice from the CRA regarding Plaintiff's Dispute, Defendant Columbia failed to correct and/or delete information they knew to be inaccurate and/or which Defendant Columbia could not otherwise verify.

246.     Instead of conducting a reasonable investigation, Defendant Columbia erroneously validated the Account and reported and continues to report inaccurate information about Plaintiff to the CRAs.

247.     On at least one occasion within the past year, by example only and without limitation, Defendant Columbia violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

248.     On at least one occasion within the past year, by example only and without limitation, Defendant Columbia violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

249.     On at least one occasion within the past year, by example only and without limitation, Defendant Columbia violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

250.     Upon information and belief, Defendant Columbia was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

251.     When Defendant Columbia received notice of Plaintiff's dispute from Experian, Defendant Columbia could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

252.     Defendant Columbia would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Columbia had reviewed its own systems and previous communications with the Plaintiff.

253.     Defendant Columbia's investigation was per se deficient by reason of these failures of Defendant Genesis Credit Management's investigation of Plaintiff's disputes.

254. As a direct and proximate result of Defendant Columbia violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

255. Defendant Columbia actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**COUNT 16**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Columbia Debt Recovery, LLC dba Genesis Credit Management "Columbia")

256. Plaintiff incorporates paragraphs 1-136 by reference of this Complaint.

257. On at least one occasion within the past year, by example only and without limitation, Defendant Columbia violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

258. On one or more occasions within the past year, by example only and without limitation, Defendant Columbia violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

259.    On one or more occasions within the past year, by example only and without limitation, Defendant Columbia violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

260.    When Defendant Columbia received notice of Plaintiff's dispute from Experian, Defendant Columbia could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

261.    Defendant Columbia would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Columbia had reviewed its own systems and previous communications with the Plaintiff.

262.    Defendant Columbia's investigation was per se deficient by reason of these failures on Defendant Columbia's investigation of Plaintiff's dispute.

263.    As a direct and proximate result of Defendant Columbia's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

264.    Defendant Columbia's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

265.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against aforementioned Defendants, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: Wednesday, June 12, 2024

Respectfully Submitted,

By: */s/ Tracey Cabanis*
TRACEY CABANIS, ESQ.
FBN: 52647
JEREMY DOVER, ESQ.
FBN: 110737

**DEMESMIN & DOVER, PLLC**
*Attorneys for Plaintiff*
1650 SE 17th Street, Suite 100
Fort Lauderdale, Florida 33316
Office (866) 954-6673
Facsimile (954) 323-8742
TCabanis@DD-Legal.com
JDover@attorneysoftheinjured.com
SPAM-Pleadings@attorneysoftheinjured.com

*Counsel for Plaintiff*